**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

FLOYD J. COSAVAGE, JR.,
Plaintiff,

vs.

SHERIFF, HAMILTON COUNTY JUSTICE CENTER, et al.,
Defendants.

Case No. 1:26-cv-40

Byrne, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Clinton Township, Michigan, has filed a Complaint under 42 U.S.C. § 1983 against Hamilton County Sheriff Charmaine McGuffey and "Doe Defendants," unknown jail officials. (Doc. 1-1, Complaint at PageID 2; see also Doc. 4, Notice of Supplemental Factual Statement and Newly Received Public Records). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

**Screening of Complaint**

**A. Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or

repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B. Plaintiff's Complaint**

Plaintiff challenges his confinement in the Hamilton County Justice Center from July 20, 2023 through August 2, 2023, alleging that Defendants detained him without lawful authority. (Doc. 1-1, Complaint at PageID 2-3). According to Plaintiff, his detention relied in part on an Ohio Adult Parole Authority administrative sanction imposed on

December 20, 2021, arising from an incident on July 28, 2021. (*Id.* at PageID 2). Plaintiff alleges that the sanction was issued under the name "Floyd Dunlap" and preceded any plea or conviction in his Stark County case.[1] Plaintiff asserts that "[n]o lawful judgment or valid court order authorized" his confinement and that the Defendants "failed to verify lawful authority for detention." (*Id.* at PageID 2-3). Plaintiff attaches three exhibits to his "Notice of Supplemental Factual Statement" (Doc. 4), one of which is a Department of Rehabilitation & Correction ("ODRC") Order of Release dated July 28, 2023 which has highlighted on it the phrase "Release Only To Stark County Sherriff's Office." (Doc. 4, PageID 28). Furthermore, the Blue Ash Arrest and Investigation Report indicates outstanding warrants for "Stark Co SO Failure to Comply" as well as the ODRC parole violation. (Id. at PageID 26-27).

The Complaint identifies McGuffey as the Hamilton County Sheriff and describes the Doe Defendants as unknown jail officials responsible for custody verification, but does not identify any particular act or decision by McGuffey or the unidentified officials. Plaintiff asserts claims under the Fourth and Fourteenth Amendments, as well as under *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978).

As relief, Plaintiff seeks declaratory relief and monetary damages. (*Id.* at PageID 3).

**C. Resolution**

[1] Plaintiff's state court cases reflect that Plaintiff was formerly known as Floyd J. Dunlap, Jr. Viewed at https://clerk.summitoh.net/RecordsSearch under Case No. CR-2015-11-3520 and CA-31846. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

As an initial matter, Plaintiff fails to include sufficient factual allegations to support individual or municipal liability. Specifically, Plaintiff fails to allege sufficient facts showing that any individual Defendant personally participated in a constitutional deprivation. In order to state an individual-capacity claim under § 1983, Plaintiff must plead that each defendant, through that defendant's own actions, violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

In this case, the Complaint does not include specific factual allegations concerning Defendants' individual conduct, aside from Plaintiff's conclusory allegation that "Defendants failed to verify lawful authority for detention." (Doc. 1-1, Complaint at PageID 3). Plaintiff does not identify a custody decision made by McGuffey or any particular Doe Defendant, describe information available to any particular Defendant indicating that his detention lacked lawful authority, or otherwise explain how that Defendant's conduct caused an unconstitutional deprivation of his liberty. Plaintiff identifies McGuffey as the Hamilton County Sheriff, but the mere fact that McGuffey held a supervisory position is insufficient to hold her individually liable. It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability to supervisory personnel. *See, e.g., Wingo v. Tenn. Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). Plaintiff's "naked assertion[s] devoid of further factual enhancement" fail to meet the basic pleading standard under *Twombly. Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). Accordingly, Plaintiff fails to state a plausible individual-capacity claim against

Defendants.

The same is true of Plaintiff's municipal-liability theory. To state such a claim, Plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)*; Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be the "moving force" behind constitutional deprivation). Here, the Complaint's only allegation concerning a policy or custom is the conclusory assertion of a "[p]olicy or custom permitting unlawful detention." (Doc. 1-1, Complaint at PageID 3). Plaintiff does not identify a particular county policy or allege facts supporting the existence of a custom that caused his confinement. Plaintiff has failed to "identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't,* 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford,* 245 F.3d 869 (6th Cir. 2001)). *See also Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013) ("[E]ven assuming there was an underlying constitutional violation, we affirm the dismissal of the *Monell* claim because Plaintiffs have failed to set forth sufficient facts to establish an unconstitutional custom or policy"). His conclusory assertion, without supporting factual allegations, is insufficient to state a municipal-liability claim.

In any event, Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff's civil rights complaint is governed by Ohio's two-year statute of limitations

applicable to personal injury claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"). *See also Wallace v. Kato,* 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"). Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007).

For a claim of false arrest or false imprisonment, the limitations period begins when the alleged detention without legal process ends, either through release or because the individual becomes detained pursuant to legal process. *Wallace,* 549 U.S. at 389-90*. See Dibrell v. City of Knoxville,* 984 F.3d 1156, 1162 (6th Cir. 2021) (explaining that after legal process issues, "a plaintiff relying on the law of torts to challenge any continuing detention must assert a malicious-prosecution claim") (citing *Wallace*, 549 U.S. at 390).[2]

In this case, Plaintiff challenges his confinement from July 20, 2023 through August 2, 2023. The Complaint and the attached custody-verification letter establish that his confinement in the Hamilton County Justice Center ended on August 2, 2023. (Doc. 1-1, Complaint at PageID 2, 10). Thus, even using the final day of the challenged Hamilton

---

[2] The Court construes Plaintiff's allegations against Defendants as challenging his allegedly unauthorized confinement, not as asserting a claim that Defendants wrongfully instituted or continued a criminal prosecution against him.

County confinement as the accrual date most favorable to Plaintiff—rather than an earlier date on which legal process may have commenced—his claims concerning that confinement accrued no later than August 2, 2023. The two-year limitations period expired in August 2025. Plaintiff did not file this action until January 15, 2026, and alleges no facts supporting a later accrual date or tolling of the limitations period. Accordingly, because Plaintiff filed his Complaint after the two-year limitations period expired, his claims are time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

FLOYD J. COSAVAGE, JR.,
Plaintiff,

Case No. 1:26-cv-40

Byrne, J.
Bowman, M.J.

vs.

SHERIFF, HAMILTON COUNTY JUSTICE CETNER, et al.,
Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).